UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **NORTHERN DIVISION at COVINGTON**

REBECCA MOELLER                )
                               )
    Plaintiff,                 )
                               ) Civil Action No. 2:10cv152-JMH
                               )
v.                             )
                               )
MICHAEL J. ASTRUE, COMMISSIONER) **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,            )
                               )
    Defendant.                 )
                               )
                               )

                    **      **      **      **      **

This matter is before the Court on cross motions for summary judgment [Record Nos. 11 and 12][1] on Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability and Supplemental Security Income. Plaintiff filed a Response [Record No. 13] to the defendant's motion for summary judgment. The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

                    **I. FACTUAL AND PROCEDURAL BACKGROUND**

On January 5, 2006, Plaintiff Rebecca Moeller filed applications for Social Security Disability and Supplemental Security Income alleging a disability onset date of August 1, 2003.

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

(Transcript of Record, "TR," 55-63). These claims were denied initially and upon reconsideration. On February 19, 2009 Administrative Law Judge ("ALJ") Timothy Keller held a hearing on Plaintiff's application. (TR 15). In a decision dated March 13, 2009, the ALJ denied Plaintiff's claims. (TR 12-22). Specifically, the ALJ found that the claimant has the residual functioning capacity ("RFC") to "lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; sit for six hours a day; stand for two hours a day; and walk for two hours a day. She is limited to occasional climbing, crouching, kneeling, or crawling and should avoid concentrated exposure to dust, fumes or gases." (TR 18). The ALJ further concluded that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. (TR 21). Hence, the ALJ ruled that Plaintiff was not disabled. Plaintiff filed an appeal, which the Appeals Council denied on March 21, 2009 (TR 11), rendering the ALJ's decision final. Plaintiff appeals from the final decision pursuant to 42 U.S.C. §§ 405 (g), 1383 (c)(3).

Plaintiff, who is 5'9", weighed 325 and was forty-nine years old at the time of the ALJ's decision. (TR 376-77). Plaintiff completed high school and worked as a fast food cook, fast food cashier, factory picker, and supermarket deli worker. (TR 376). Plaintiff alleges that she has been unable to work since August 1, 2003, due to back pain, chronic obstructive pulmonary disorder

(COPD), emphysema, asthma, shortness of breath, and high blood pressure. (TR 40, 44). Plaintiff claimed at the hearing that she is constantly short of breath, whether she is walking and moving around or when she is at rest. (TR 378-79). Plaintiff also testified that she suffered from asthma. (TR 379). For treatment for her asthma, she used a home nebulizer and four inhalers. (*Id*). On a good day, she used the nebulizer six times. (TR 380). On a bad day, Plaintiff testified that she required double treatments, up to eight times. (TR 381). If the home nebulizer did not relieve her symptoms, Plaintiff would visit her doctor. (TR 381). There, her doctor would administer stronger nebulizer treatment and prescribe steroid tapers. (TR 381-82).

The ALJ found that Plaintiff had the severe impairments of degenerative changes to her lumbar spine, chronic obstructive pulmonary disease, and obesity. (TR 17, Finding No. 3). The ALJ further found that Plaintiff's impairments, singly or in combination, did not meet or equal one of the listings. (TR 18, Finding No. 4). The ALJ then determined that Plaintiff had a residual functional capacity (RFC) to perform light work with the ability to sit for six hours a day, stand for two hours a day, and walk for two hours a day. (TR 18-20, Finding No. 5). The ALJ also found Plaintiff was limited to occasional climbing, crouching, kneeling, or crawling, and Plaintiff should avoid concentrated exposure to dust, fumes, or gases. (TR 18-20, Finding No. 5).

Plaintiff could not perform her past relevant work. (TR 21, Finding No. 6). But the ALJ determined, after relying on the testimony of the Vocational Expert, that Plaintiff could perform other work existing in significant numbers in the national economy. (TR 21, Finding No. 10). Accordingly, the ALJ found Plaintiff not disabled. (TR 22, Finding No. 11).

In this appeal, Plaintiff argues that the ALJ's exertional and non-exertional RFC findings were not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by determining that Plaintiff was able to sit for six hours a day when the physician's opinion upon whom the ALJ relied found that Plaintiff was limited to two hours of sitting. Additionally, Plaintiff argues that she demonstrated that her treatments for COPD and asthma would require her to be absent from her duties at work to the point that she would be unable to maintain employment. Finally, Plaintiff argues that the ALJ erred by finding that the Plaintiff was not credible regarding her testimony about her daily household tasks.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

    1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

    2.) Does the individual have a severe impairment? If

not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled, if so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security*, 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an

5

inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

<u>The ALJ's exertional RFC finding that Plaintiff could sit for 6 hours was not supported by substantial evidence but the error is harmless.</u>

The ALJ determined that Plaintiff could "lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; sit for six hours a day; stand for two hours a day; and walk for two hours a day. She is limited to occasional climbing, crouching, kneeling, or crawling…" (TR 18). The ALJ based his RFC determination largely on the opinions of Dr. Fritzhand, a consulting examiner who rendered RFC analysis, holding that they carried "significant probative weight." (TR 20). Dr. Fritzhand determined that Plaintiff was limited to a mild amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling and lifting. Consistent with Dr. Fritzhand's limitation for "mild" activity, the ALJ held that Plaintiff was limited to only two hours of standing and two hours

6

of walking per day. (TR 18, 20). But with regard to sitting the ALJ found that "absent any restrictions on the claimant's sitting ability, the undersigned finds she is able to sit for six hours a day." (TR 20). The ALJ did not explain the basis for his determination that Plaintiff should not be subjected to sitting limitations. (TR 20). Based on the evidence in the record, including Dr. Fritzhand's conclusions, a more restrictive sitting restriction would be supported by substantial evidence. By contrast, there is little evidence supporting a finding that Plaintiff would be able to sit for six hours at a time considering her severe impairments of degenerative changes of the lumbar spine, chronic obstructive pulmonary disease and obesity, based on the records submitted and records before the court.

However, the ALJ's error in this instance was harmless. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Precaj v. Holder*, 376 F. App'x 553, 559 (6th Cir. 2010)(quoting *Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir. 2005)); see *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004) ("When 'remand would be an idle and useless formality,' courts are not required to 'convert judicial review of agency action into a ping-pong game.'" (*quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969))).

Based on the testimony of the vocational expert at the hearing, the ALJ found Plaintiff could perform the other work of bench assembly work and order clerk, which both carry "sedentary" classifications, and assembly work, which falls in the "light" category. (TR 22, 390). Even assuming a sitting limitation consistent with Dr. Fritzhand's opinion, Plaintiff would still be capable of performing assembly work at the light level. See 20 C.F.R. §§ 404.1567(b), 416.967(b). These jobs exist in significant numbers in the national economy such that Plaintiff would not be considered disabled and, thus, the ALJ's error in this instance was a harmless error not requiring remand.

<u>Substantial evidence supports the ALJ's non-exertional RFC determination.</u>

Plaintiff argues that she is required to miss work and/or received nebulizer treatments at work so often that she would be precluded from sustaining competitive employment based on the vocational expert's testimony. The vocational expert testified that a person who missed four days in the first six months of work or ten to eleven days in a years' span could not sustain competitive employment. (TR 391-393). Additionally, Plaintiff would be unable to sustain competitive employment if she required nebulizer treatments at work over and above standard lunch and fifteen minute breaks. (TR 394-395).

The medical evidence of record does not indicate that Plaintiff had any additional limitations from asthma or swollen

8

feet that were not included in the ALJ's RFC finding (TR 18-20). See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). With respect to Plaintiff's pulmonary complaints, x-rays of Plaintiff's chest from June 2004, November 2006, and August 2008 showed Plaintiff's lungs were clear and her chest was within the normal limits (TR 285, 314, 372). The ALJ's RFC findings were based upon substantial evidence in this respect. There is sufficient evidence in the record indicating that Plaintiff did not require treatment of sufficient duration or occurrence to prohibit Plaintiff from maintaining competitive employment.

Plaintiff also argues that she is required to elevate her feet, even when sitting, due to pitting edema and, therefore, based on the vocational expert's testimony she is unable to work. (TR 393). Plaintiff's argument is based on a period of pitting edema in 2008. (TR 369). However, as noted by the ALJ, the record is otherwise devoid of medical evidence of leg edema that would require elevation and, at least, in March 2006, Plaintiff did not suffer from pedal edema. (TR 151-337).

<u>The ALJ's credibility determination</u>

Plaintiff argues that the ALJ erred by finding that the Plaintiff was not credible concerning the extent of her complaints. Specifically, Plaintiff takes issue with the ALJ's determination that:

> The claimant indicates that her 83 year old mother does all of the cooking and cleaning at home. This is not

9

> credible in light of the fact that the claimant hurt her back lifting her mother in December 2006, based on primary care physician progress notes, which reveal the claimant "lifted her mother and felt something pull"... progress notes have a similar note of problems moving things around the house...

(TR 19). Plaintiff notes that "to qualify for disability benefits claimant must be able to engage in employment activities on a 'regular and continuing basis.'" [Record No. 11, citing 20 CFR § 404.1572(c)]. Accordingly, Plaintiff argues that the testimony regarding her daily activity is insufficient to establish that she works on a regular and continuing basis, and therefore the ALJ erred in relying on this testimony.

"The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses therefore his conclusions should be highly regarded." *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir 1988). The claimant must demonstrate that there is objective medical evidence of an underlying condition. See 20 C.F.R. § 416.929. After showing objective medical evidence, the claimant must demonstrate either: (1) the objective medical evidence confirms the severity of the alleged pain; or (2) the objectively established medical condition is of such a severity it can reasonably be expected to produce the alleged disabling pain. See *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1039 n.2 (6th Cir. 1994); *Walters v. Comm'r of Social Security,* 127 F.2d 525, 531 (6th Cir. 1997)("The absence of

sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis.").

Plaintiff specifically challenges the sufficiency of the ALJ's findings. Plaintiff argues that more is required than a simple statement that Plaintiff's hearing testimony was not supported by the medical evidence.

Contrary to Plaintiff's argument, the ALJ set forth a detailed rationale for his conclusion that Plaintiff's allegations are not fully credible with respect to her household tasks. (TR 19). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence". *Walters* at 532. The ALJ's decision fully describes several areas in which her testimony is contradicted by the evidence in the record, and accounts for those discrepancies.

The ALJ also properly considered evidence related to Plaintiff's daily tasks in determining her credibility. While not determinative, a claimant's daily activities are relevant to the limitations that symptoms have on her capacity to work. See 20 C.F.R. §416.929(c)(3)(I). Plaintiff indicated she cooked, cleaned, did laundry, vacuumed, washed dishes, dusted, shopped, played cards, went out to eat, watched movies and TV, went to church, and

read (Tr. 19-21, 76, 78-81, 358, 382).

Finally, to the extent that Plaintiff argues that the ALJ did not properly consider the impact of her obesity on her disability, the Court finds that the ALJ properly considered the impact of Plaintiff's obesity on her symptoms and overall disability throughout the determination.

### V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Defendant's motion for summary judgment [Record No. 12] be, and the same hereby is, **GRANTED**; and

(2) That Plaintiff's motion for summary judgment [Record No. 11] be, and the same hereby is, **DENIED.**

This the 27th day of September, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge